**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALEXANDER LEISTER,

    Plaintiff,

v.                                            Case No: 6:24-cv-511-WWB-LHP

LEGAL ACTION BUREAU, INC.,

    Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST LEGAL ACTION BUREAU, INC. (Doc. No. 10)
>
> **FILED:** May 23, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff seeks Clerk's default against Defendant Legal Action Bureau, Inc., stating that Defendant was served on April 25, 2024, but has failed to appear or otherwise defend. Doc. Nos. 9, 10; *see* Fed. R. Civ. P. 55(a). Upon review,

however, the motion fails to comply with Local Rule 3.01(a) by failing to include a memorandum of legal authority in support. In addition, the motion fails to adequately address, with citation to legal authority, that service of process on Defendant was proper. *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Specifically, the verified return of service relies on Fla. Stat. § 48.031(6) for service on a private mailbox/virtual office by serving "Hennyvette C., Employee-Authorized to Accept." Doc. No. 9. But Plaintiff does not demonstrate that service was attempted on Defendant's registered agent, or that the address served (the mailing address for the business) is the address for the registered agent. *See* Fla. Stat. § 48.081.[1] Moreover, by its terms, Fla. Stat. § 48.031(6) only applies "[i]f

---

[1] According to records for Florida's Department of State, Division of Corporations, the only active entity named "Legal Action Bureau Inc" has a mailing address of 4417 13th St. Suite 141 in Saint Cloud, Florida (the address where the summons was served here, Doc. No. 9), but the registered agent, Allen Santacruz, has a different address: 3329 Bracken Fern Dr. in Harmony, Florida. *Available at* https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by entering "Legal Action Bureau." into the "Entity Name" field.

The Court notes that the docket reflects a verified return of non-service stating that service was attempted at the 3329 Bracken Fern Dr. address. Doc. No. 7. However, Plaintiff does not address this return of non-service in the present motion. Doc. No. 10.

the <u>only address for a person to be served which is discoverable through public records</u> is a private mailbox, a virtual office, or an executive office or mini suite." Fla. Stat. § 48.031(6)(a) (emphasis added); *see also* Fla. Stat. § 48.081(5).   Plaintiff has not demonstrated this to be the case here, by citation to legal authority, evidence, or otherwise.   *See* Doc. No. 10.

Accordingly, Plaintiff's motion (Doc. No. 10) is **DENIED without prejudice**. Plaintiff shall file a renewed motion within **fourteen (14) days** of this Order, which must include a memorandum of legal authority establishing that service of process on Defendant was proper under applicable law.   The renewed motion shall not include a proposed order.   *See* Local Rule 3.01(j).

**DONE** and **ORDERED** in Orlando, Florida on May 24, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties