UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDER LEISTER,

        Plaintiff,

v.                                       Case No:   6:24-cv-511-WWB-LHP

LEGAL ACTION BUREAU, INC.,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S SECOND AMENDED MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST LEGAL ACTION BUREAU, INC. (Doc. No. 29)
>
> **FILED:** October 28, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

The Court has extended the deadline for service in this case on three prior occasions, rendering the deadline for Plaintiff to effect service on Defendant October 28, 2024.  Doc. Nos. 13, 20, 24.  Now before the Court is Plaintiff's third

attempt at obtaining a Clerk's default against Defendant, for failure to timely appear or otherwise defend. Doc. No. 29. According to the motion, the address for Defendant's registered agent is residential, and service was attempted on four occasions at that address with no success. *Id.* at 4 (citing Doc. No. 7). So, Plaintiff attempted to serve an officer, Julissa Santacruz, PVP, at the address listed in Florida public records, which is a private mailbox. *Id.* at 5. Because the address was a private mailbox, on September 20, 2024, the process server left the documents with "Issac, Front Desk Clerk," stating "UPS Clerk Isaac accepted docs to place in box." Doc. No. 28. Plaintiff says service was proper under Florida law, Fla. Stat. §§ 48.031(6)(a), 48.081(5)(b)–(c). Doc. No. 29, at 4–5.

Upon review, Plaintiff has not demonstrated that service was proper. Florida law provides that a domestic corporation may be served by service on the registered agent. Fla. Stat. § 48.081(2). If the registered agent's address is a residence, service may be effected on "[a]ny person listed by the domestic corporation . . . on its latest annual report," or by serving persons specified, such as "[t]he chair of the board of directors, the president, any vice president, the secretary, or the treasurer" in accordance with Fla. Stat. § 48.031. *Id.* § 48.081(5)(b)–(c). Fla. Stat. § 48.031 in turn, provides that "[i]f the only address for a person to be served which is discoverable through public records is a private mailbox, . . . substituted service may be made by leaving a copy of the process with the person in charge of

- 2 -

the private mailbox, . . . but only if the process server determines that the person to be served maintains a mailbox . . . at that location." *Id.* § 48.031(6)(a).

The Court accepts the process server's statement that the address for the registered agent was residential. *See* Doc. No. 7. So, it appears that Plaintiff was permitted to serve the other persons specified in Fla. Stat. § 48.081(5), in accordance with Fla. Stat. § 48.031. But the statute under which Plaintiff seeks to proceed—Fla. Stat. § 48.031(6)(a)—applies under only certain circumstances, which Plaintiff has not demonstrated here.

Specifically, "Section 48.031(6)(a) only permits substitute service at a private mailbox if (1) it is the only address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." *Weinstock v. Harvey*, No. 8:19-cv-2979-T-33AEP, 2020 WL 13133417, at *2 (M.D. Fla. Jan. 29, 2020) (citation and quotation marks omitted). Here, Plaintiff includes in the motion a conclusory statement that "[t]he only publicly available address for Julissa [Santacruz] is 4417 13th Street, Suite 141, Saint Cloud, Florida 34769." Doc. No. 29, at 4. But Plaintiff submits nothing to support this statement. And notably, records for the Florida Department of State, Division of Corporations, reflect at least one additional address—the principal address for the

corporation—that Plaintiff does not address.[1]   And while the return of service cites the language of Fla. Stat. § 48.031(6)(a), the return of service does not demonstrate that 4417 13th Street, Suite 141, Saint Cloud, Florida was the only address publicly available for Julissa Santacruz, nor does it state that the process server confirmed that Julissa Santacruz maintains a mailbox at that location.   Doc. No. 28.

Accordingly, Plaintiff's motion (Doc. No. 29) is **DENIED without prejudice**. *See, e.g.*, *Schemming v. Daman Transp. Servs., Inc.*, No. 8:19-cv-400-T-35JSS, 2019 WL 13270775, at *3 (M.D. Fla. Apr. 2, 2019) (denying without prejudice Clerk's default where the return of service was silent as to the requirements set forth in Fla. Stat. § 48.031(6)(a)); *Plumbers & Pipefitters Loc. Union No. 803 v. Adler Mech., Inc.*, No. 6:15-cv-877-Orl-28GJK, 2018 WL 7954543, at *3 (M.D. Fla. May 1, 2018) (similar). Plaintiff shall file a renewed motion within **fourteen (14) days** of the date of this Order, which must establish, <u>by citation to evidence and legal authority</u>, that service has been properly effected on Defendant.

---

[1] Records with Florida's Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName by entering "Legal Action Bureau" in the "Entity Name" field.

Failure to do so will result in a recommendation to the presiding District Judge that this case be dismissed for failure to effect timely service.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties